By the Court
 

 (Kinkade, J.).
 

 There is no dispute between the parties about the amount due the city from the company, or about the amount due from the company to the trustee under the mortgage. The only question involved is one of priority. The claim of the • city arises by reason of money expended by the city on behalf of the company, in paving and repaving the streets. Bonds of the city were issued to enable the city to make these payments after the company had failed to maintain a deposit account covering the same, or to pay otherwise the amounts due to the city. Unless the city be given priority of lien, the city will be obliged to impose a general tax to enable it to take care of its bonds, issued and used in this behalf.
 

 The receiver has in his hands as income, in round figures, about $200,000. If the claim of the city be allowed priority with respect to this amount, there will be nothing left of this impounded income fund for
 
 *536
 
 the bondholders. On the other hand, if the bondholders be granted priority with respect to this fund, there will be nothing left of the income fund to apply on the claim of the city. It is urged upon our attention that the claims of the bondholders should be given priority by reason of the fact that the mortgage securing the bonds was duly recorded, and that its lien thereupon attached, and that nothing has since taken place that could legally interfere with the priority of that lien.
 

 It should be borne in mind that the ordinance of the city was regularly passed and regularly entered upon the records of ordinances of the city, and that action of the city antedates the recording of the bond mortgage by more than a year. There was nothing secret about the lien granted to the city by the franchise ordinance. It is not contended, and manifestly could not be maintained, that the trustee named in the mortgage did not know all the terms and provisions of the twenty-five-year franchise ordinance when the mortgage was executed.
 

 We have no difficulty in reaching the conclusion that the city held a valid and legal lien, by virtue of the terms of the twenty-five-year franchise ordinance, upon all the property of the company, real and personal, and including as well the earnings and income of the property accruing during the operation of the plant by the receiver, and that this lien of the city was and is prior to the lien of the trustee in favor of the bondholders.
 

 We find no reversible error in the judgments of the trial and appellate courts, and those judgments will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Stephenson, JJ., concur.
 

 Jones, J., not participating.